Curia, per O’Neall, J.
In this case the first two grounds make the objection, which was successfully taken in the State v. Dozier, and the State v. Williams, that the writs of ve- *287 nire were unsealed. Here, however, the writs are sealed.— It is contended, that such a seal as appears, is not the seal of the Court. Ii is, however, verified as such by the Clerk’s' signature, and we are under no necessity to hold that it was not the proper seal when the writs issued, by finding a different seal to the exemplification sent up.
The case of the State v. McElmurray presented the same question under the same facts now before us; and the Court, at page 40, held the seal to be sufficient. That concludes the question here.
The other four grounds relate to the place where the grand and petit jurors were summoned to attend — where the grand jury found the bill, and where the venue is laid, to wit: at Horry Court House, instead of Conwayborough ; where the Acts of 1842 and 1845 direct the Court to be held for I-Iorry District. I am not sure that legal process is not better made returnable to Horry Court House,- for Horry District, than to Conwayborough, for the former indicates the precise spot, in the ville of Conwayborough, where the Court is to sit. It is true that Conwayborough includes it, and as the Legislature have adopted the general name to designate the place where •the Court is to sit, it is sufficient. But Horry Court House is just as well known to all concerned, as Conwayborough, and is more precise. In one sense, both mean the same, and may be regarded as equivalent, convertible terms.
The motion is dismissed.
Richardson, Evans, Wardlaw and Frost, JJ. concurred.

Motion refused.